UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CHARMEKA POLLARD                                                                    PLAINTIFF

v.                                                                  Civil No. 3:20-cv-00293-GHD-JMV

LOWE'S HOME CENTERS, INC.                                                          DEFENDANT

**OPINION GRANTING IN PART DEFENDANT'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS**

Presently before the Court in this employment dispute is the Defendant's motion to dismiss [9] for insufficient service of process under Rule 12(b)(5). Upon due consideration, the Court finds that the motion should be granted in part – the Court shall grant the motion to the extent that the Defendant requests a finding that service was improper, but shall deny the motion to the extent the Defendant seeks dismissal. The Plaintiff must make an effective service of process on the Defendant by April 1, 2022, and file a proof of that service with the Court.

The Plaintiff, proceeding *pro se*, filed her complaint in this matter and subsequent filed a proof of service of process. The proof of service stated that Plaintiff attempted service on the Defendant by mailing a copy of the summons and complaint via certified mail to the Defendant's retail store location in Batesville, Mississippi. A return receipt attached to the proof of service appears to show that someone at that location signed for the letter [6].

The Defendant filed the present motion to dismiss, asserting this attempted service was insufficient under the Federal Rules of Civil Procedure and the Mississippi Rules of Civil Procedure. The Plaintiff has not responded to the motion.

The burden of proof is on the Plaintiff to show that service is valid. *Sys. Signs Supplies v. U.S. Dep't Justice*, 903 F. 2d 1011, 1013 (5th Cir. 1990). The Plaintiff does not meet that burden for two reasons. First, she did not respond to the Defendant's motion, and

therefore, failed to challenge the Defendant's arguments. Second, her proof of service, and its attachments, establish that she did not properly serve the Defendant.

Rule 4 of the Federal Rules of Civil Procedure itself does not permit service by mail. Fed. R. Civ. P. 4. The rule does provide, however, that service may be made in accordance with law of the state where this court is located, Mississippi. Fed. R. Civ. P. 4(e)(1) & h(1). Therefore, if the Plaintiff properly served the Defendant according to Mississippi's service of process rules, service was proper here.

The Plaintiff's attempted service of process, however, was likewise ineffective under Mississippi law. Mississippi rules provide that service of process by certified mail is not available to serve process upon persons or corporations within the state of Mississippi. Miss. R. Civ. P. 4(c)(5). The Plaintiff's attempt at service of process was therefore improper under Mississippi law.

Because the Plaintiff did not make proper service under federal or Mississippi law, the Defendant asks the Court to dismiss this matter. The Court shall, at the present juncture, deny that request, but shall give the Plaintiff until April 1, 2022, to effect proper service. If proper service of process is not accomplished by that date, the Court shall dismiss this matter without prejudice. When service has not been made within the time required a court "may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Given the *pro se* Plaintiff's seemingly good faith effort to effect proper service, the Court finds it proper to extend the time for her to properly serve the Defendant until April 1, 2022.

Therefore, the Court grants the Defendant's motion to the extent that it requests a finding that service or process in this matter was insufficient, but denies it at this juncture to the extent that the Defendant seeks dismissal of the Plaintiff's claims. The Plaintiff must make effective service of process on the Defendant by April 1, 2022, and file a proof of that service with the Court, or face dismissal of her claims without prejudice.

An order in accordance with this opinion shall issue this day.

This, the 11th day of February, 2022.

                                                                         SENIOR U.S. DISTRICT JUDGE