UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CHARMEKA POLLARD                                          PLAINTIFF

v.                                          Civil No. 3:20-cv-00293-GHD-JMV

LOWE'S HOME CENTERS, INC.                                 DEFENDANT

**OPINION GRANTING DEFENDANT'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS**

Presently before the Court in this employment dispute is the Defendant's second motion to dismiss [19] for insufficient service of process under Rule 12(b)(5). Upon due consideration, the Court finds that the motion should be granted and the Plaintiff's claims dismissed without prejudice.

The Plaintiff, proceeding *pro se*, has now twice attempted to effect proper service of process in this matter. After her first attempt, which was made by mailing a copy of the summons and complaint via certified mail to the Defendant's retail store location in Batesville, Mississippi, the Defendant filed a motion to dismiss for insufficient service of process [9]. The Court granted the Defendant's motion in part, finding that service of process was insufficient, but denied the Defendant's request for dismissal and ruled that the Plaintiff had until April 1, 2022, to make effective service of process on the Defendant or face dismissal of her claims without prejudice [15, 16].

The Plaintiff subsequently attempted to again serve the Defendant with process, this time by personally serving an assistant store manager at the Defendant's Batesville location [18]. The Defendant has now filed the present motion to dismiss, asserting that this second attempt at service of process was likewise insufficient under the Federal Rules of Civil Procedure and the Mississippi Rules of Civil Procedure. The Plaintiff has not responded to the Defendant's motion.

Rule 4 of the Federal Rules of Civil Procedure provides that service of process on a corporate entity such as the Defendant may be accomplished, *inter alia*, by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," which was not accomplished in this case. Fed. R. Civ. P. 4(h)(1). The rule does also provide, however, that service may be made in accordance with law of the state where this court is located, Mississippi. Fed. R. Civ. P. 4(e)(1). Therefore, if the Plaintiff properly served the Defendant according to Mississippi's service of process rules, service was properly effected.

The Plaintiff's attempted service of process, however, was ineffective under Mississippi law. Mississippi's rule provides, similar to Federal Rule 4, that process must be served on a corporate officer, a managing or general agent, or the corporation's registered agent. Miss. R. Civ. P. 4(d)(4). In the case *sub judice*, this was not accomplished. Instead, an assistant store manager, who is neither a corporate officer nor a registered agent authorized to receive service of process, was served at the Defendant's Batesville store location. This was plainly insufficient. The Plaintiff's attempt at service of process was therefore improper under Mississippi law.

When service of process is challenged, the burden of proof is on the Plaintiff to show that service is valid or that good cause exists for failure to effect timely service. *Systems Signs Supplies v. U.S. Dep't Justice*, 903 F. 2d 1011, 1013 (5th Cir. 1990). The Plaintiff does not meet that burden for two reasons. First, she did not respond to the Defendant's motion, and therefore, failed to challenge the Defendant's arguments. Second, her proof of service, and its attachments, establish that she did not properly serve the Defendant.

Because the Plaintiff did not make proper service under federal or Mississippi law, despite being granted a second attempt to do so, the Court finds that the Defendant's motion to dismiss is well-taken and it shall be granted. As the Court has previously noted, when

service has not been made within the time required a court "may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Here, the Court has already once extended the time for service; given the Plaintiff's second failure to effect proper service, the Court finds it appropriate to dismiss the Plaintiff's claims without prejudice for insufficient service of process. See, e.g., *Hudson v. Lowe's Home Centers, Inc.*, 98 So. 3d 1093, 1094-95 (Miss. Ct. App. 2012) (dismissing action for insufficient service of process when plaintiffs served process on defendant's attorney and not on registered agent).

Therefore, for all of the foregoing reasons, the Court grants the Defendant's motion to dismiss for insufficient service of process. The Plaintiff's claims shall be dismissed without prejudice.

An order in accordance with this opinion shall issue this day.

This, the 10th day of May, 2022.

_____
SENIOR U.S. DISTRICT JUDGE

3